*F. S. Harrell, E. K. Wilcox,* contra.

## 18371. JACKSON *et al. v.* PRUITT.

STEPHENS, J. 1. In a suit upon a promissory note, where the defendant pleaded that the note sued on was not a valid and binding obligation, in that it was executed by him and another person and delivered to the plaintiff on the condition that another note held by the plaintiff against the defendant and still another person jointly should be surrendered to and returned to the defendant and his comaker on the note sued on, that the note sued on was not to become a complete and binding contract until the other note had been surrendered and delivered to this defendant and the comaker as alleged, and, where the plea alleged

that this condition had not been complied with, any evidence tending to show the defendant's liability upon the other note, or his willingness or intention to pay the obligation represented by it, and any evidence that the defendant received the money which was the consideration for that note, was irrelevant to the issue as presented by the pleadings, and the admission in evidence of testimony tending to establish any or all of such facts was calculated to prejudice the defendant's case before the jury. The court therefore erred in the admission of testimony offered by the plaintiff as set out in grounds 1, 2, 4, 6, and 7 of the amendment to the motion for a new trial, and a new trial must be granted to the defendant. Since, under the evidence offered by the defendant in support of the plea, a verdict for the defendant would have been authorized, this error demands the grant of a new trial to the defendant.

2. Where the defendant filed contradictory pleas, one as indicated above, and the other that the note was given to the plaintiff to be exhibited by him to the defendant's comaker on the other note for the purpose of inducing the latter person to pay the note, it was error for the judge to fail to charge, as duly requested in writing by the defendant (the matter not being covered in the charge of the court), that a defendant has the right to file contradictory pleas, that no part of a defendant's plea can be stricken as being contradictory to any other matter pleaded, that the defendant may avail himself of any advantage under any part of or the whole of his pleadings, that the jury may consider all of the pleadings, and find the truth from the evidence. A charge made by the court with reference to contradictory pleas filed by the defendant, "that under the law the defendant has a right to file contradictory pleas if he sees fit," does not cover the matter requested.

3. It is not error for counsel for the plaintiff, on cross-examination of the defendant as a witness, to call his attention to alleged contradictions in his pleadings or in his testimony, and require him to answer as to which of the alleged contradictory statements is true.

4. It avoids any possibility of prejudicial error for the court, when giving a requested charge, to refrain from informing the jury that the charge given has been requested by a party to the case.

5. As the case is to be retried, it is unnecessary to pass upon the other assignments of error.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 26, 1928.

*G. A. Johns, J. C. Pratt,* for plaintiffs in error.
*Jones, Davie & Reid, Richard B. Russell Jr.,* contra.